UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE D.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br><br>　　　　　Defendant. | Case No. 21-cv-01459-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER SOCIAL SECURITY ACT 42 U.S.C. § 406(b)**<br><br>Re: Dkt. No. 30 |

Now before the Court is plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Dkt. No. 30. Plaintiff's counsel served a copy of this motion on plaintiff. *Id.* ¶ 14. The government filed a response taking no position on the reasonableness of the fee request but confirming that the dollar figures in the motion appear to be correct. Dkt. No. 31.

**BACKGROUND**

Attorney Ashish Agrawal represented plaintiff before this Court on appeal of her application for Disability Insurance Benefits under Title II of the Social Security Act. Plaintiff filed a motion for summary judgment and the government then agreed to voluntarily remand the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Dkt. Nos. 22, 24. Pursuant to the parties' stipulation, the Court remanded the case to the Social Security Administration and entered judgment in plaintiff's favor. Dkt. Nos. 25, 27.[1] On December 1, 2021, pursuant to stipulation, this Court approved an award of $7,500.00 in attorney's fees under the Equal Access to

---

[1] Plaintiff's motion asserts: "Though outstanding quality appellate advocacy, [plaintiff's] counsel convinced this Court to remand this case for further proceedings dur to various legal errors in the ALJ's decision" Dkt. No. 30, at 1. However, the advocacy convinced the government, rather than the Court, to voluntarily remand.

1  Justice Act ("EAJA") and $402.00 in costs under 28 U.S.C. § 1920. Dkt. No. 29.

2  Following remand, the Social Security Administration issued a Notice of Award and
3  awarded plaintiff past-due benefits totaling $81,231.12. Dkt. No. 30 at 2. The Social Security
4  Administration withheld $20,307.78 of the award, equal to 25 percent of the past-due benefits, in
5  the event plaintiff's counsel were to petition for attorney's fees. Dkt. No. 30-1 at 3. Counsel now
6  seeks $20,307.78 in attorney's fees. Dkt. No. 30 ¶¶ 2, 3. In support of the motion, plaintiff's counsel
7  submitted the Notice of Award, the fee agreement with plaintiff, along with a statement of attorney
8  time expended, including counsel's non-contingent hourly rate of $325.00 and experience in
9  disability law. *See* Dkt. No. 30. The government has not opposed the motion but asks that the Court
10 independently determine whether counsel's fee request is reasonable.

## LEGAL STANDARD

The Social Security Act provides that when a plaintiff prevails on a judgment, the Court may determine a reasonable fee for the plaintiff's counsel, which can be no more that 25 percent of the plaintiff's entitlement to the total past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Court must review counsel's request for fees "as an independent check" to assure that the contingency fee agreement will "yield reasonable results in particular cases." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09. In making its determination, the Court should consider the character of the representation and the results achieved. *Id.* at 808. An award of § 406 fees is offset by any award of attorney fees granted under the EAJA. *Id.* at 796.

## DISCUSSION

Here, the Court finds that the amount of fees sought is reasonable. As an initial matter, the Court finds that the fee agreement is within the statutory ceiling; the fee agreement between plaintiff and counsel provides that if plaintiff receives a favorable decision after an appeal to federal court, plaintiff agrees to pay counsel a fee no greater than 25 percent of the past-due benefits awarded.

2

Dkt. No. 30-2 at 1. The Court further finds that plaintiff's counsel assumed a substantial risk of not recovering attorney's fees because the claims had been denied after exhausting administrative remedies. The Court further finds that the work by plaintiff's counsel was not insubstantial; plaintiff's counsel was successful in having this matter remanded back to the Social Security Administration, which then awarded $80,231.12 in past-due benefits as well as ongoing benefits. Plaintiff's counsel spent 40.5 hours on the matter, for an effective hourly rate of $501.43. Dkt. No. 30-3 at 3. Counsel seeks $20,307.78 in attorney's fees, which would result in plaintiff paying counsel a net fee under § 406(b) of $12,807.78, or 15.76 percent of past-due benefits. After review of the record, the Court finds that the requested attorney's fees are reasonable based on the quality of representation and the outcome achieved, and that the requested fees do not constitute a windfall. *See Gisbrecht*, 535 U.S. at 808; *Crawford v. Astrue*, 586 F.3d 1142, 1151–1152 (9th Cir. 2009).

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS plaintiff's motion for attorney's fees and awards fees in the amount of $20,307.78 pursuant to 42 U.S.C. § 406(b)(1)(A). Upon receipt of that payment, the Court further ORDERS plaintiff's counsel to reimburse plaintiff in the amount of $7,500.00 previously paid under the EAJA, for a net total attorney's fees under § 406(b) of $12,807.78.

**IT IS SO ORDERED**.

Dated: March 3, 2023

_____
SUSAN ILLSTON
United States District Judge